IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHERRI KERLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: |
| | ) | |
| ST. LOUIS TAN COMPANY, INC. | ) | |
| | ) | |
| d/b/a THE TAN COMPANY | ) | |
| d/b/a GOLD'S GYM | ) | |
| | ) | |
| *Serve at:* | ) | |
| | ) | |
| 11 Champion Drive | ) | |
| Fenton, MO 63026 | ) | |
| | ) | |
| TEAM TAN, INC. | ) | |
| | ) | |
| d/b/a ST. LOUIS TAN COMPANY | ) | |
| d/b/a THE TAN COMPANY | ) | |
| d/b/a GOLD'S GYM | ) | |
| | ) | |
| *Serve at:* | ) | JURY TRIAL REQUESTED |
| | ) | |
| 11 Champion Drive | ) | |
| Fenton, MO 63026 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TODD J. BECKMAN | ) | |
| | ) | |
| *Serve at:* | ) | |
| | ) | |
| 11 Champion Drive | ) | |
| Fenton, MO 63026 | ) | |
| | ) | |
| Defendants. | ) | |

1

## COMPLAINT

COMES NOW Plaintiff Sherri Kerley, by and through counsel, and for her Petition against Defendants, states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Sherri Kerley ("Plaintiff" or "Kerley") is an individual presently residing in the State of Missouri.

2. Defendant Team Tan, Inc. ("Team Tan") d/b/a St. Louis Tan Company, Gold's Gym, The Tan Company, is a corporation organized and existing under the laws of the State of Missouri.

3. Defendant St. Louis Tan Company, Inc. ("Tan Company") d/b/a St. Louis Tan Company, Gold's Gym, The Tan Company, is a corporation organized and existing under the laws of the State of Missouri, with its corporate headquarters in Fenton, MO.

4. Defendant Todd Beckman is the President and CEO of Defendants Team Tan and Tan Company.

5. Defendants Team Tan, Tan Company, and Todd Beckman (hereinafter collectively referred to as "Defendants") were employers of Plaintiff at all times relevant herein.

6. Defendants are employers engaged in interstate commerce as that term is defined under the Fair Labor Standards Act ("FLSA") and Missouri Wage and Hour Laws ("MMWL").

7. At all times relevant herein, from July 6, 2010 to May 18, 2012, Plaintiff was employed as a Payroll Specialist/Accountant for Defendants.

## JURISDICTION

8. The United States District Court for the Eastern District of Missouri has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) (c), because Defendants may be found in this district and the challenged conduct occurred in this District.

## COMMON FACTUAL ALLEGATIONS

10. At all relevant times, Defendants have been the employers of Plaintiff within the meaning of 29 U.S.C. § 203(d) and R.S. Mo. §§ 290.500(3) & (4).  Defendants, either directly or indirectly, have hired Plaintiff; controlled Plaintiff's work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some record regarding Plaintiff's employment.

11. As Payroll Specialist/Accountant, Plaintiff's duties included, but were not limited to: inputting time sheets for employees; processing employee hours through the automated time clock system; transmitting payroll to Automatic Data Processing (ADP) for check processing; setting up new employee records; maintaining vacation and sick leave records and benefit eligibility; processing changes in employee payroll status; preparing month-end spreadsheets and reports; preparing payroll journal entries; and completing salary and wage requests from government agencies.

12. The position of Payroll Specialist/Accountant with Defendants does not require an individual to be a Certified Public Accountant.

13. The position of Payroll Specialist/Accountant with Defendants requires a high school diploma or equivalent.

14. Plaintiff began employment with Defendant as Payroll Specialist/Accountant on or about July 6, 2010.

15. Plaintiff's employment with Defendant as a Payroll Specialist/Accountant ended on or about May 18, 2012.

16. Plaintiff was compensated based on a salary of $1,346.15, which Plaintiff received every fourteen (14) days.

17. Plaintiff was classified by Defendants as an exempt employee for the purposes of receiving overtime compensation.

18. As an exempt employee, Plaintiff was required to work 45 hours per seven (7) day work week.

19. If Plaintiff did not work 45 hours per seven (7) day work week, she was informed that her salary may be deducted at a pro rata hourly rate commensurate with the number of hours below 45 she worked.

20. In addition to her daily duties and responsibilities discussed above, Plaintiff was given additional tasks by her supervisor, the CFO of Defendants Team Tan and Tan Company. These tasks included, but were not limited to, preparing journal vouchers with correct codes and comparing a spreadsheet's numbers with numbers on a report.

21. Plaintiff's job duties and responsibilities were routine, and did not require her to exercise any knowledge of an advanced type in the field of accounting. Additionally, her duties and responsibilities did not require any learning customarily acquired by a prolonged course of specialized intellectual instruction.

22. Plaintiff's job duties and responsibilities were required to be performed according to Defendants' repetitive and established procedures and protocols. Additionally, Plaintiff was given instructions and directions by her supervisor of how to perform certain tasks.

23. Plaintiff's required tasks were reviewed by the CFO of Team Tan and Tan Company.

24. The payroll entered by Plaintiff was reviewed and approved by the CFO of Team Tan and Tan Company.

25. At all times material herein, Plaintiff did not have the authority to supervise, hire, fire, or discipline any employee of Defendants.

26. At all times material herein, Plaintiff consistently worked on average approximately forty-four (44) to forty-seven (47) hours per workweek.

27. Plaintiff was not paid any overtime wages by Defendants for hours worked in excess of 40 hours per workweek.

28. At all times material herein, Plaintiff did not exercise independent judgment or discretion regarding her expected tasks as a Payroll Specialist/Accountant for Defendants.

29. Defendants willfully, intentionally, and knowingly treated Plaintiff as exempt from the overtime requirements of the FLSA and MMWL.

30. Defendants' failure to pay overtime compensation, as alleged herein, in violation of federal and state law, has been willful, arbitrary, unreasonable, and/or in bad faith.

## COUNT 1

### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

31. Plaintiff herein adopts and incorporates by reference, as if more fully set forth herein, the above-stated paragraphs as incorporated into and part of Count I of her Complaint.

32. The FLSA requires an employer to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half (1.5) times the employee's regular rate of pay for the hours worked in excess of forty (40) hours. *See* 29 U.S.C. § 207(a)(1).

33. At all times material to this action, Defendants were the "employers" of Plaintiff within the meaning of 29 U.S.C. § 203(d).

34. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the three (3) years preceding the filing of this lawsuit.

35. At all times material to this action, Defendants were engaged in interstate commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

36. Defendants are subject to the pay requirements of the FLSA because they are engaged in interstate commerce and its employees are engaged in interstate commerce.

37. Plaintiff is entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 216(b).

38. During all times material to this Complaint, Plaintiff was not exempt from receiving FLSA overtime benefits because she was not an "executive," "administrative," "professional," or "computer" employee, as those terms are defined under the FLSA. *See* C.F.R. §§ 541.0, *et seq.*

39. Defendants' policies, actions, and/or practices violate the FLSA's overtime requirements, by failing to compensate Plaintiff for work activities as set forth in this Complaint.

40. During her term of employment, Plaintiff was not properly paid overtime for hours worked in excess of forty (40) hours per week at a rate of one and one half (1.5) times the regular rate of pay.

41. Defendants knew or should have known that Plaintiff was entitled to overtime pay and knowingly and willfully violated the FLSA by failing to pay Plaintiff overtime compensation. Defendant had knowledge and information of Plaintiff's job duties and her hours worked in excess of forty (40) hours per workweek.

42. Defendants knew or should have known that Plaintiff was a non-exempt employee under the FLSA and knowingly and willfully violated the FLSA by failing to pay Plaintiff overtime compensation and by failing to keep accurate records of Plaintiff's hours of work.

43. Defendants willfully and intentionally engaged in a practice of violating the provisions of the FLSA, as detailed herein, by improperly classifying Plaintiff as an "exempt" employee.

44. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, Defendants have unlawfully deprived Plaintiff of overtime compensation. Thus, Defendants are liable under 29 U.S.C. § 216(b) for unpaid overtime work, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff demands judgment against Defendants and prays that this Court: (1) declare and find that Defendants' conduct was a willful violation of the FLSA; (2) award compensatory damages, including all overtime compensation owed, in an amount according to proof of unpaid wage and overtime compensation; (3) award liquidated damages; (4) award attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (5) award pre-judgment and post-judgment interest as provided by law; and (6) provide such other relief as this Court deems fair and equitable.

## COUNT 2

## (VIOLATION OF MISSOURI'S WAGE AND HOUR LAWS)

45. Plaintiff incorporates by reference the above stated paragraphs as if set forth fully herein.

46. At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Missouri wage and hour laws ("MMWL"), R.S. Mo. § 290.500 *et seq.*

47. The MMWL regulates, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1.

48. During all times relevant to this action, Defendants were the "employers" of Plaintiff within the meaning of the MMWL.  R.S. Mo. §§ 290.500(3) & (4).

49. During all times relevant to this action, Plaintiff was Defendants' "employee" within the meaning of the MMWL. R.S. Mo. § 290.500(3).

50. The MMWL exempts certain categories of employees from Missouri's overtime wage and other obligations, none of which applies to Plaintiff. R.S. Mo. § 290.500(3).

51. Pursuant to the MMWL, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty hours in a workweek. R.S. Mo. § 290.505.1.

52. Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiff overtime wages required under Missouri law. R.S. Mo. § 290.505.1.

53. Plaintiff is entitled to damages equal to all liquidated damages plus periods of

8

equitable tolling. R.S. Mo. § 290.527.

54. Plaintiff is entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

55. Defendants are liable pursuant to R.S. Mo. § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff demands judgment against Defendants and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by RS. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

Respectfully Submitted,

By: */s/ Kevin J. Dolley*
Kevin J. Dolley, #54132MO
LAW OFFICES OF KEVIN J. DOLLEY, LLC
34 N. Brentwood Blvd., Suite 207
St. Louis MO 63105
(314)645-4100 (office)
(314)647-4300 (fax)
kevin@dolleylaw.com

*Attorney for Plaintiff*